IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHIRLEY BRIGITTE HINOJOSA CARVAJAL, | § § § | |
| *Petitioner*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-26-CV-00818-FB |
| KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*, | § § § § § | |
| *Respondents*. | § § | |

## ORDER DENYING MOTION TO ENFORCE

Before the Court is the Emergency Motion to Enforce Judgment ("Motion to Enforce"), filed by Petitioner Shirley Brigitte Hinojosa Carvajal ("Petitioner") on March 10, 2026. (ECF No. 12). On March 4, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus ("Order") and ordered Respondents to either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Respondents were to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. (ECF No. 10 at page 6). Petitioner has now informed the Court that an immigration judge held a hearing and denied bond because Petitioner poses a flight risk. (ECF No. 12 at page 5). Thus, Petitioner remains detained.

Petitioner has filed a Motion to Enforce, arguing that Respondents failed to comply with this Court's March 4 Order because the immigration judge "relied on unsupported assertions by government counsel and predetermined conclusions regarding flight risk." (*Id.*). Petitioner contends the immigration judge "ignored this Court's Order requiring a meaningful custody determination and effectively nullified the relief granted in the habeas proceeding." (*Id.*).

-2-

This Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678-79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, the immigration judge heard the evidence and made a factual finding regarding Petitioner's flight risk. "Whether the Court agrees with the [immigration judge's] flight risk determination is of no importance–the Court simply lacks jurisdiction to review such a discretionary finding." *Pineda-Romero v. Olsen*, Cause No. EP-26-CV-257-KC (ECF No. 8 at page 2) (W.D. Tex. Feb. 20, 2026) (citing *Lopez Arevelo*, 801 F. Supp. 3d at 678-79).

IT IS THEREFORE ORDERED that Petitioner's Emergency Motion to Enforce Judgment (ECF No. 12) is DENIED.

It is so ORDERED.

SIGNED this 12th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE